## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN THE MATTER OF NICHOLAS GALAKATOS, as owner of the M/V GALANI, a Ribco S.A. Seafarer Vessel, Bearing Registration Number TS1005-B, For Exoneration for or Limitation of Liability | Civil Action No. 19-11920-GAO |

### PROTECTIVE ORDER

Upon consideration of the Parties' Joint Motion for a Stipulated Protective Order, it is hereby ORDERED that:

1.     Any party or non-party producing or receiving information in the course of discovery in this action (hereinafter, the "Litigation") may designate such information as "Confidential" if and to the extent necessary to protect privacy interests.

   a.     Written information and/or "documents" as defined under the Federal Rules of Civil Procedure and corresponding case law, produced by the either party or any nonparty, may be designated "Confidential" by marking them conspicuously with the term "CONFIDENTIAL."

   b.     All documents obtained from third parties by subpoena will be shared promptly with the opposing party.

   c.     Deposition testimony may be designated "Confidential" by designating the portion of the transcript of the deposition that reflects the testimony within fifteen (15) days after counsel's receipt of the transcript.

2.      Access to information designated "Confidential" pursuant to section 1 above (hereinafter, "Confidential Information") shall be limited to:

    a.      Counsel for the Parties, including in-house counsel and employees and agents of such counsel who are required to assist in the conduct of the Litigation;

    b.      The parties themselves, including any officers, directors, employees or agents of the parties who have a reasonable need of access to the information in connection with the prosecution and/or defense of this Action;

    c.      Outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained to furnish technical or expert services, and/or to give testimony in this Action;

    d.      The Court and court employees, court reporters and stenographic reporters, jurors and all persons necessary to the conduct of judicial hearings or the trial of the Litigation; and

    e.      Any other person whom counsel collectively agree in writing or whom the Court directs may review the Confidential Information.

3.      Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as Confidential Information, although a document may lose its confidential status if it is made public.

4.      Each person appropriately designated pursuant to paragraph 2(c) to receive Confidential Information shall execute an agreement to be bound by this Order in the form attached as Exhibit A.

5.      By agreeing that a party may designate information as "Confidential" for purposes of the Litigation, the non-designating party is not entering into a binding admission as

to the confidentiality of said information. If any party believes that a designation of any information as "Confidential" is inappropriate, the party may object to such designation and the Parties shall work together in good faith to resolve their disagreement regarding the appropriate designation of the information. If efforts to resolve the disagreement are unsuccessful, the matter shall be resolved by the Court and the party seeking the designation shall have the burden of demonstrating its necessity. However, the information at issue shall be treated as "Confidential" and subject to all of the restrictions of this protective order unless and until the parties agree or the Court orders otherwise.

6.      Any party desiring or intending to file with the Court any Confidential Information or any motion, brief, letter, transcript or other paper containing or describing any Confidential Information, shall do so only after filing and obtaining the Court's ruling on a motion for impoundment pursuant to L.R. 7.2. The Parties' confidentiality designations do not bind the Court. Therefore, a party seeking to file any document under seal must have good cause for asserting confidentiality beyond a mere designation of confidentiality under this order.

7.      If a party is seeking to file a document containing its own Confidential Information, it must provide specific reasons for the request. Before filing material designated by another party as confidential, counsel for the party intending to file the Confidential Information shall confer with counsel for the designating party as to whether filing under seal is necessary for the particular material at issue. If the parties so agree, Confidential Information not filed under seal will continue to be protected by this order. Otherwise, the filing party shall file a motion to seal and the designating party must file a statement supporting the request to seal within two weeks of the filing of the motion to seal. The parties shall file in the public docket redacted versions of any proposed sealed filings. The parties shall also simultaneously submit

unredacted courtesy copies of any proposed sealed filings to the Clerk's Office, clearly marked

NOT FOR DOCKETING – COURTESY COPY – SEALED FILING.

8.      Confidential Information exchanged in the course of the Litigation (not including information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the pursuit or defense of the Litigation.

9.      If any party is subject to contractual or other obligations not to produce or disclose documents or information requested by another party in this Litigation, the parties shall confer in good faith to try to agree on a solution that accommodates the discovery needs of the requesting party and the contractual or other obligations of the non-requesting party.  If the parties are unable to agree on such a solution, any party may, by appropriate motion, request that the issue be resolved by the Court.

10.      Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

11.      All provisions of this order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of the Litigation, unless otherwise agreed or ordered.  Any party to this Protective Order may apply to this Court for modification of this order; any amendments to the Protective Order once entered must be approved by the Court.

12.      Within thirty (30) days of the conclusion of this Litigation, including but not limited to the latest of settlement, arbitration, judgment, and all rights of appeal being exhausted, Confidential Information and any copies thereof shall be returned to the producing party or certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

Entered as an order of the Court this ___ day of July , 2022

JUDITH G. DEIN
UNITED STATES MAGISTRATE JUDGE

EXHIBIT A

I have read and I understand the terms of the Protective Order dated _____,

filed in Case No. 19-11920-GAO, pending in the United States District Court for the District of

Massachusetts.  I agree to comply with and be bound by the provisions of the Protective Order.  I

understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential"

obtained pursuant to such Protective Order, or the contents of such documents, to any person

other than those specifically authorized by the Protective Order.  I shall not copy or use such

documents except for the purposes of this Action and pursuant to the terms of the Protective

Order.

As soon as practical, but no later than 30 days after final termination of this Action, I shall

return to the attorney from whom I have received them, any documents in my possession

designated "Confidential", and all copies, excerpts, summaries, notes, digests, abstracts, and

indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of

Massachusetts for the purpose of enforcing or otherwise providing relief relating to the

Protective Order.

Date: _____          [SIGNATURE]_____
                             [PRINTED NAME]
                             [ADDRESS]